UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROBERT EDWARD NOWAKOWSKI,

               Plaintiff,                   MEMORANDUM & ORDER

   -against-

                                                       08 CV 0399 (RJD)(LB)

THE CITY OF NEW YORK, P.O. ALLAN PAJAK,
P.O. JIMMY CORDERO, SGT. MICHAEL BENITEZ,
CAPT. PAUL VORBECK, JOHN DOE, and JANE DOE,

               Defendants.
------------------------------------------------------------------X

DEARIE, Chief Judge.

*Pro Se* Plaintiff Robert Edward Nowakowski filed this action on January 25, 2008. Three days later, he filed an Amended Complaint adding several defendants and asserting additional facts. By Order dated February 19, 2008, Magistrate Judge Lois Bloom denied plaintiff leave to file the amended complaint. Plaintiff timely submitted objections to the Magistrate's Order, on February 26, 2008. For the reasons stated below, the Court sets aside the Magistrate Order in part and grants plaintiff's request to amend in part.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." While a district court has discretion whether or not to grant leave to amend, "the court must observe the direction in Rule 15(a) that leave to amend 'shall be freely given when justice so requires.'" Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

A.  **Conspiracy Claims**

Plaintiff's proposed amended complaint charges "criminal conspiracy operations" involving "the New York City Police Department's Intelligence Division." (Proposed Amended Complaint ¶¶ 14, 27, 28, 32, 34, 42.) The Court of Appeals for the Second Circuit explained in Ciambriello v. County of Nassau, 292 F.3d 307, 324-325 (2d Cir. 2002), that in order to state a conspiracy claim under 42 U.S.C. § 1983 ("§ 1983"), a plaintiff must allege (1) the existence of an agreement, (2) to act in concert to inflict an unconstitutional injury, (3) an overt act done in furtherance of that agreement, and (4) damages resulting therefrom. As in all § 1983 actions, liability for a civil rights conspiracy requires state action. Private individuals may be liable for civil rights violations only if the allegedly unconstitutional conduct is "fairly attributable" to the state. American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 50 (1999). "State action may properly be found where the state exercises coercive power over, is entwined in the management or control of, or provides significant encouragement, either overt or covert to, a private actor, or where the private actor operates as a willful participant in joint activity with the State or its agents, is controlled by an agency of the State, has been delegated a public function by the state, or is entwined with governmental policies." Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir.) (internal quotations omitted), cert. denied, 539 U.S. 942 (2003).

In Ciambriello, the court explained that "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." 292 F.3d 307 at 325 (quoting Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)). "A merely conclusory allegation that a

2

private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." Ciambriello, 292 F.3d at 324. The complaint in Ciambriello failed because the plaintiff had not pled "any details of time and place" and failed to specify in detail the factual basis necessary to enable defendants to prepare their defense." Id. at 325.

As Magistrate Judge Bloom explained in her February 19th Order, a private citizen's complaint to police officers does not by itself make the complainant a joint participant in state action under § 1983. See Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir. 1999) (collecting cases from other circuits). Plaintiff's claim that the civilian defendants "instigated, caused or directed the arrest" would likely fall into that category. (Proposed Amended Complaint ¶ 11.) However, plaintiff has also alleged that the civilian defendants "took an active role in giving advice and encouragement to the police officers." (Proposed Amended Complaint ¶ 10.) Moreover, plaintiff alleges some factual details of a conspiracy between the private individuals and the police officers, including retaliatory motives involving plaintiff's past complaints against his landlord, proposed defendant Dobrivoye Filipovich, and defendant Police Officer Allan Pajak; a conspiratorial meeting in proposed defendant Monika Szarejko's apartment on October 30, 2006; and subsequent actions of police defendants in refusing to take a complaint from plaintiff regarding death threats allegedly made by defendant Szarejko that same evening; and the arrest the next evening of plaintiff, without probable cause. (Proposed Amended Complaint ¶ 27). Given the liberal reading required of *pro se* complaints, the Court cannot now conclude that plaintiff's § 1983 conspiracy claims against the civilian defendants are wholly without merit.

## B. Section 1985(3)

Plaintiff also objects to Magistrate Judge Bloom's finding that his proposed cause of action alleging conspiracy to deprive him of his constitutional rights, pursuant to 42 U.S.C. § 1985(3), would be futile. As the Magistrate explained, § 1985(3) is limited to claims alleging that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993). While plaintiff correctly observes that the language of § 1985(3) does not specifically mention racial animus, the Supreme Court of the United States delineated its purpose in Griffin v. Breckenridge:

> It is thus evident that all indicators–text, companion provisions, and legislative history–point unwaveringly to § 1985(3)'s coverage of private conspiracies. That the statute was meant to reach private action does not, however, mean that it was intended to apply to all tortious, conspiratorial interferences with the rights of others. . . . The constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose–by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the [congressional] sponsors of the limiting amendment. . . . The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.

403 U.S. 88, 102 (1971)). Magistrate Judge Bloom correctly observed that plaintiff has not alleged that he is a member of a protected class nor that the alleged misdeeds of the private defendants were the result of any class-based animus against him, sufficient to state a claim for violation of § 1985(3). See Thomas v. Roach, 165 F.3d 137, 147 (2d Cir. 1999).

## C. No Claim Against the Commissioner of the New York City Police Department

Plaintiff also seeks to name the Commissioner of the New York City Police Department

4

("the Commissioner") as a defendant. Magistrate Judge Bloom also explained that a § 1983 plaintiff seeking to recover money damages must establish that the named defendants were personally involved in the wrongdoing or misconduct complained of. A supervisory official is deemed to have been personally involved if that official directly participated in the infraction; if, after learning of a violation through a report or appeal, he or she failed to remedy the wrong; if he or she created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue; or if he or she were grossly negligent in managing subordinates who caused the unlawful condition or event. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986). As plaintiff has not alleged any direct personal involvement by the Commissioner, it would be futile to amend the complaint to name him.

### D.    Appointment of Counsel

Plaintiff also objectd to Magistrate Judge Bloom's refusal to appoint counsel. This Court has carefully considered that ruling and plaintiff's objections and finds that the magistrate applied the appropriate standard in considering the appointment of counsel in a civil matter, as delineated in Hodges v. Police Officers, 802 F.2d 58 (2d Cir. 1986). At this stage in the proceedings, this Court cannot conclude that petitioner's "position seems likely to be of substance." 802 F.2d at 61. Accordingly, petitioner's application for the appointment of counsel is denied without prejudice to renewal at a later time.

5

## CONCLUSION

Magistrate Judge Bloom's February 19, 2008 Order is set aside as provided above. For the foregoing reasons, the Court grants plaintiff's request to file an amended complaint naming proposed defendants Dobrivoye Filipovich, Gloria Carey, Monika Szarejko, Walter Steding, Stanislaw Polewacz, and additional police officers whom plaintiff believes to have violated his constitutional rights. However, the Court also rules that plaintiff's proposed cause of action pursuant to 42 U.S.C. § 1985(3) must be rejected; that no claim can be made against the Commissioner; and that counsel was properly denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

Dated: Brooklyn, New York
April 2̲3̲, 2008

                                        s/ Judge Raymond J. Dearie
                                        RAYMOND J. DEARIE
                                        United States District Judge